IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § |
| v. | § CRIMINAL NO. 4:16-CR-57-SDJ-KPJ § |
| BRANDON JAMES CLARK | § § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 28, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Jay Combs.

On January 10, 2017, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of thirty-seven (37) months imprisonment followed by a three (3) year term of supervised release. Defendant's supervision commenced on June 19, 2019.

On June 1, 2020, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 32). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state or local crime; (2) Defendant must not unlawfully possess a controlled substance; (3) Defendant must refrain from any unlawful use of a controlled substance; (4) Defendant must not communicate or interact with someone he knows is engaged in criminal activity; if Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (5) if Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within

1

seventy-two (72) hours; and (6) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer. Defendant shall pay any cost associated with the treatment and testing.

The Petition asserts that Defendant violated these conditions because: (1) on May 7, 2020, Defendant was arrested by Collin County Texas Sheriff's Office (SO) for the offense of Theft of Property >=$100<$750, Class C Misdemeanor; Collin County SO was following up on a Global Positioning System (GPS) signal on a stolen vehicle investigation which was initiated by Sherman Texas Police Department; Collin County SO went to the location of the GPS signal and located the reported stolen vehicle; Defendant and Joshua Darnell were at this location where the stolen vehicle was located and taken into custody; while being questioned by law enforcement, Defendant stated he was at the location to purchase the bed of the truck from Mr. Darnell for $500; Defendant reported he suspected the vehicle was stolen; additionally, he had the registration of the stolen vehicle on his person at the time of his arrest; (2) Defendant submitted a urine specimen on May 19, 2020, which tested positive for methamphetamine and marijuana; he admitted verbally and in writing to said drug use; (3) Defendant submitted positive urine specimens on December 18, 2019, January 10, 2020, and January 21, 2020, which tested positive for methamphetamine; he admitted verbally and in writing to said drug use; (4) on May 7, 2020, Defendant was arrested with Joshua Darnell; on May 11, 2020, Defendant reported to this officer he was aware Mr. Darnell had been involved in illegal activity and suspected the truck bed he was purchasing from Mr. Darnell was stolen; Mr. Darnell is a convicted felon; (5) Defendant failed to notify the U.S. Probation Office within seventy-two (72) hours of being questioned by Collin County Sheriff's Office on March 19, 2020; and (6) Defendant failed to submit to drug testing as directed on January 14, January 17,

2020, May 18, 2020, and May 23, 2020; Defendant failed to attend substance abuse treatment at Fletcher Counseling, Plano, Texas as scheduled on May 15, 2020.

At the hearing, Defendant entered a plea of true to allegations 3 and 6 and all other allegations were dismissed. The Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 28, 2020, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months with twelve (12) months supervised release to follow with the same previously imposed conditions. The Court further recommends that Defendant must reside in residential reentry center or similar facility, in a community corrections component, for a period of one-hundred eighty (180) days to commence upon release. The Court recommends that Defendant be placed in the Bureau of Prisons facility in Texarkana, Texas.

**So ORDERED and SIGNED this 1st day of August, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE